UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUGUSTINO SMITH,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondents. | Civil Action No. 17-3435 (SDW)<br><br><br>MEMORANDUM OPINION |

IT APPEARING THAT:

1. On or about May 10, 2017, Petitioner, Augustino Smith, filed the instant petition, which he titles a petition for a writ of error coram nobis. (ECF No. 1). He thereafter paid the filing fee. (ECF Docket Sheet).

2. In his petition, Petitioner seeks to collaterally attack his 1997 state court conviction for robbery and possession with the intent to distribute a controlled dangerous substance on the basis that he was not given proper advice as to the immigration consequences of his guilty plea by his counsel in violation of *Padilla v. Kentucky*, 559 U.S. 356 (2010). Although Petitioner makes mention of his later removal from the United States and conviction for illegal re-entry in federal court, his current petition seeks only to collaterally attack his state court conviction.[1] (ECF No. 1

---

[1] Petitioner's petition discusses his conviction in state court in 1997, his state court counsel's failure to advise him as to the immigration consequences of his 1997 guilty plea, his deportation in 1999 and his conviction for illegal reentry following his return to the United States which was entered on October 31, 2014. (*See* Docket No. 09-498 at ECF No. 46). Petitioner thereafter makes a *Padilla* argument at length regarding the failure of his state court counsel to advise him of the immigration consequences of his state court plea. Petitioner presents no other claims. (ECF No. 1). Petitioner also attaches to his petition a prior habeas petition, which was dismissed without prejudice for lack of jurisdiction, in which he also sought to attack his state court conviction on similar grounds. (Document 1 attached to ECF No. 1). Given the fact that Petitioner was clearly advised of the immigration consequences of his guilty plea in his illegal re-entry matter (*see, e.g.,* Plea Transcript, Docket No. 09-498 at ECF No. 49 at 8-9), and Petitioner's only claim regards the

at 1-8). Petitioner makes clear in his petition, however, that he is no longer in custody pursuant to his 1997 state court conviction. (*Id.* at 3). He therefore seeks to attack that conviction via a *coram nobis* petition rather than a habeas petition. (*Id.*).

3. Pursuant to Federal Rule of Civil Procedure 12(h)(3), if "the court determines at any time that it lacks subject-matter jurisdiction" over an action, the court, *sua sponte*, "must dismiss the action." While a petitioner may use a *coram nobis* petition to collaterally attack a federally issued sentence after he has been released from custody, "*coram nobis* is not available in federal court as a means of attack on a state criminal judgment . . . . [and a state convict] can seek *coram nobis* relief only in state court." *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). As such, the only means through which a state convict may collaterally attack his state court conviction in federal court is through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his current petition, Petitioner seeks only to collaterally challenge his state court convictions entered in 1997. Because federal courts do not possess jurisdiction over *coram nobis* claims attacking state court convictions, Petitioner's current petition must be dismissed to the extent it is brought as a *coram nobis* petition. *Id.*; *see also Goodman v. Grondolsky*, 427 F. App'x 81, 84 n. 3 (3d Cir. 2011).

4. To the extent that Petitioner's current petition actually represents a habeas petition, rather than a *coram nobis* petition over which this Court lacks jurisdiction, Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Petitioner's petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not

---

failure of his prior state court counsel to advise him regarding such consequences in 1997, it fully appears that Petitioner seeks in his current petition to challenge only his 1997 state court convictions, and not his later illegal re-entry conviction or apparently pending immigration detention in his current petition.

entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

5. Pursuant to 28 U.S.C. § 2254, habeas jurisdiction exists to collaterally challenge state court judgments only for those individuals who are "in custody" pursuant to the state court judgment at the time their habeas petitions are filed. *Obado*, 328 F. 3d at 717. Where a petitioner is not "in custody" pursuant to the state court judgment at the time his petition is filed, this Court lacks jurisdiction over his habeas petition and must dismiss it as such. *Id.* at 717-18. As Petitioner directly asserts that he is not in custody pursuant to his state court conviction in his current petition (*see* ECF No. 1 at 3), this Court has no jurisdiction over his petition to the extent it represents a habeas petition brought pursuant to § 2254. *Obado*, 348 F.3d at 717-18. As such, this Court therefore lacks jurisdiction over petitioner's current petition, whether construed as a habeas petition or a *coram nobis* petition, and the petition must therefore be dismissed at this time for lack of jurisdiction. To the extent Petitioner wishes to pursue a collateral challenge to his 1997 state court convictions, he must do so in the state courts. *Obado*, 348 F.3d at 718.

6. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner

3

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with this Court's conclusion that it lacks jurisdiction over Petitioner's petition, whether presented as a habeas petition or *coram nobis* petition, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and this Court will therefore deny him a certificate of appealability to the extent that his current petition represents a petition for a writ of habeas corpus as opposed to a jurisdictionally barred *coram nobis* petition.

7. In conclusion, Petitioner's petition (ECF No. 1) shall be DISMISSED for lack of jurisdiction, and Petitioner shall be DENIED a certificate of appealability to the extent that his petition is in fact a petition for a writ of habeas corpus. An appropriate order follows.


Dated: June 1, 2017                                  *s/ Susan D. Wigenton*
                                                    Hon. Susan D. Wigenton,
                                                    United States District Judge